### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CR146 |
| | ) | |
| V. | ) | |
| | ) | |
| JONATHAN W. ARRINGTON, | ) | FINDINGS, RECOMMENDATION |
| MICHAEL J. WELKE, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On April 16, 2013, Defendant Michael Welke ("Welke"), along with Defendant Jonathan Arrington ("Arrington") and Defendant Michael Kratville ("Kratville"), was indicted on counts of conspiracy, 18 U.S.C. § 371; mail fraud, aiding and abetting, 18 U.S.C. §§ 1341, 2; and wire fraud, aiding and abetting, 18 U.S.C. §§ 1343, 2. (Filing 1.) The defendants are accused of planning and perpetrating an investment scheme with the intent to defraud investors.

Welke has moved to dismiss the Indictment (filing 28), arguing that all relevant charges occurred outside the five-year statute of limitations governing the counts set forth in the Indictment. *See* 18 U.S.C. § 3282. Alternatively, Welke requests that the Court dismiss each count in the Indictment predicated on conduct occurring before April 16, 2008.

For the reasons expressed below, the undersigned will recommend that Welke's Motion to Dismiss (filing 28) be denied.

### BACKGROUND

In a miscellaneous action filed in this Court on December 14, 2010, the United States submitted an Ex Parte Application requesting that the running of the statute of limitations be suspended pursuant to 18 U.S.C. § 3292 "for offenses arising out of the grand jury's investigation of . . . Welke . . . and others." *See In re Grand Jury Investigation*, Misc. No.

8:10MC111, filing 1 (D. Neb. 2010). In support of its Application for Suspension, the United States submitted the Declaration of United States Postal Inspector Paul Beekhuizen. *Id*. at filing 2. The Declaration stated that the grand jury was conducting an investigation into wire fraud under 18 U.S.C. § 1343, and that evidence of the offense appeared to be located in foreign jurisdictions, specifically, Spain, Australia, Bermuda, Belize and the British Virgin Islands. *Id*. The Declaration provided that the investigation revealed:

> Jonathan Arrington, Michael Kratville, and Michael "Red" Welke solicited funds from individuals who were seeking an investment, and then wired some funds to [F.H.] and [R.B.] for investment in FXIG. The funds wired . . . were wired to accounts in Spain, Australia, Bermuda, and Belize. [F.H.] allegedly misrepresented aspects of the investment into FXIG. Additionally, possible trading accounts controlled by [F.H.] were found in Belize and the British Virgin Islands.

*Id*. The Declaration further stated that the Office of International Affairs of the United States Department of Justice had made official requests, pursuant to treaties, to multiple foreign jurisdictions for legal assistance in obtaining evidence, including bank account and trading records. *Id*. At the time the Application and Declaration were submitted, Spain, Australia, Bermuda, Belize and the British Virgin Islands had not provided a final response to the Department of Justice. *Id*.

On December 14, 2010, United States Magistrate Judge Thomas Thalken issued an order granting the Application pursuant to 18 U.S.C. § 3292. *Id* at filing 3.

## DISCUSSION

In support of his Motion to Dismiss, Welke argues that Judge Thalken unlawfully suspended the limitations period under 18 U.S.C. § 3292. Welke contends that Judge Thalken's order was improper because (1) there was insufficient evidence presented to suspend the statute of limitations under Section 3292; (2) Welke's due process rights were not observed because there was no procedure in place to permit the testing of the sufficiency of the evidence presented to Judge Thalken and (3) there is no indication in the Indictment that the evidence sought from the foreign jurisdictions was necessary for the prosecution of

the case or that the charged offenses could not have been prosecuted without an extension of the statute of limitations. The undersigned finds each of Welke's arguments unpersuasive.

Section 3292 provides, in part, as follows:

> Upon application of the United States, filed before return of an indictment, indicating that evidence of an offense is in a foreign country, the district court before which a grand jury is impaneled to investigate the offense shall suspend the running of the statute of limitations for the offense if the court finds by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign county.

18 U.S.C. § 3292(a). A plain reading of the statute makes clear that suspension of the statute of limitations is dependant upon two considerations: (1) whether an official request was made to a foreign jurisdiction and (2) whether the official request was made for evidence that reasonably appeared to be in the country to which the request was made. "[T]he preponderance -of-the-evidence standard applies when determining whether the United States has made an official request." *United States v. Lyttle*, 667 F.3d 220, 224 (2d Cir. 2012). However, when deciding whether evidence is located in a foreign country, "a lower standard applies: a court must find[ ] by a preponderance of the evidence . . . that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in a foreign country." *Id*. (internal quotation and citation omitted). "In other words, this element is satisfied even if the court itself is not certain that a preponderance of the evidence shows that the evidence is in a foreign country, so long as a reasonable factfinder could have come to that conclusion." *Id*. The undersigned finds that the United States presented evidence sufficient to satisfy these standards.

In support of its Application, the United States presented the Declaration of Postal Inspector Paul Beekhuizen. The Declaration explained the nature of the investigation being conducted into Welke's actions. The United States also provided the Court with copies of official letters sent to the foreign jurisdictions which were authored by individuals from the Department of Justice. As an example, the July 21, 2010 letter seeking assistance from Bermuda states, in part:

3

> The United States Attorney for the District of Nebraska is investigating . . . Welke . . . and others who are suspected of soliciting funds from victim investors for investments into FXIG, and then, laundering the funds into accounts outside the United States, including Bermuda. The prosecutor needs bank records from Bermuda Commercial Bank Limited (BCB) to determine whether investors' funds were ever deposited into an account there, and if so, the disposition of those funds. The records also are needed to assist in identifying other potential victims.

*In re Grand Jury Investigation*, Misc. No. 8:10MC111, [filing 2](). The Declaration of Postal Inspector Paul Beekhuizen and the letters submitted to the Court demonstrated by a preponderance of the evidence that official requests for documents had been made. Further, Beekhuizen's Declaration explained that the United States believed that evidence was located in foreign jurisdictions because funds were wired to accounts in those jurisdictions. Based on the evidence presented, a reasonable factfinder could have concluded that evidence existed abroad.

Moreover, contrary to Welke's assertion, it is not necessary for the government to specifically identify each "offense" being investigated when applying for suspension of the statute of limitations. Section 3292 provides that the statute of limitations shall be suspended for "the offense" for which evidence in a foreign country is being sought. However, courts that have considered this language have cautioned against an "unreasonably formalistic" application of the statute and have concluded that "so long as the offenses designated in the application are reasonably specific to elicit evidence probative of the offenses under investigation, they may be tolled." *United States v. Swartzendruber*, No. 3:06-cr-136, 2009 WL 485144, *5 (D.N.D. Feb. 25, 2009) (internal quotation and citation omitted). *See also United States v. Neill*, 952 F. Supp. 832, 832-33 (D.D.C. 1996) (stating that "[w]hile the plain text of the statute is . . . offense-specific, such specificity does not require that a foreign evidence request expressly list by citation the alleged statutory violations in order for a foreign evidence request to pass muster under 18 U.S.C. § 3292"). Although mail fraud and conspiracy to commit mail fraud were not specifically referred to by statute in the United States' Application as offenses under investigation, the description of the scheme to defraud contained in the Application and Declaration, along with the nature of the documents requested in the foreign jurisdictions, was sufficiently specific as it suggested that wire and mail fraud were being investigated and were related to the scheme to defraud investors.

4

Further, Section 3292 does not require that the government provide notice to a potential defendant when it seeks an application to suspend the statute of limitations. As has been held by the Ninth Circuit Court of Appeals:

> Section 3292(a)(1) refers to the government making an 'application,' not a 'noticed application.' Nowhere in the section does it state that the party whose statute of limitation is being suspended is entitled to notice or a hearing . . . to follow that interpretation would be to ignore the traditionally non-adversarial and secret nature of grand jury investigations.

*DeGeorge v. U.S. Dist. Court for Cent. Dist. of California*, 219 F.3d 930, 937 (9th Cir. 2000) (internal citation omitted). *See also United States v. Torres*, 318 F.3d 1058, 1059, 1061 (11th Cir. 2003) ("Under § 3292, the government may apply, ex parte, for suspension of the statute of limitations when it seeks evidence located in a foreign country"); *United States v. Bohn*, 281 Fed. Appx. 430, 434 (6th Cir. 2008) ("There is nothing in the statute to suggest that individuals who might be affected by the suspension of the statute of limitations are entitled to notice or hearing on the government's application"). The Application was permissibly filed ex parte and under seal. Welke was not entitled to notice or a hearing under Section 3292.

Also, contrary to Welke's position, suspension of the statute of limitations under Section 3292 does not require that prosecution of an offense be dependent upon the evidence sought from the foreign jurisdiction. Courts that have considered this issue have regularly reached this conclusion. *See United States v. Lyttle*, 667 F.3d 220, 225 (2d Cir. 2012) ("Section 3292 does not demand that the foreign evidence sought be pivotal to the indictment; rather, it need only be evidence of an offense"); *United States v. Broughton*, 689 F.3d 1260, 1273 (11th Cir. 2012) (stating, in response to the defendant's argument that none of the evidence obtained by the Government from a foreign county was necessary, "It is neither here nor there that . . . none of the evidence requested or obtained by the Government was needed at trial") (quotation omitted); *DeGeorge v. U.S. Dist. Court for Cent. Dist. of California*, 219 F.3d 930, 938 (9th Cir. 2000) (rejecting the argument that under Section 3292 "any evidence the government seeks must be essential to bringing charges against the target of the government's investigation"). Moreover, as found by other courts, there is no requirement that the prosecution act diligently in its pursuit of evidence necessary to

5

prosecute an individual. *See* United States v. Bischel, 61 F.3d 1429, 1435 (9th Cir. 1995) (declining to "read a diligence requirement into § 3292"); United States v. Ratti, 365 F. Supp.2d 649, 651 (D. Md. 2005) (there is "no obligation on the Government's part to act with an particular dispatch in seeking the information from a foreign government").

The undersigned finds that the statute of limitations was properly suspended pursuant to 18 U.S.C. § 3292 and the Indictment was timely filed. Section 3292(c) provides that the statute of limitations can only be tolled for three years and cannot be tolled for more than six months after all foreign authorities take final action. 18 U.S.C. § 3292. The tolling begins at the time of the request to the foreign jurisdiction and ends when the foreign authority provides a dispositive response to each of the items listed in the government's official request. *United States v. Torres*, 318 F.3d 1058, 1059 (11th Cir. 2003). As of July 17, 2013, the United States had received the requested documents from each of the foreign countries, with the exception of those which were officially requested from Belize on July 22, 2010. Therefore, final action has not occurred and suspension of the statute of limitations was still in place at the time the Indictment was filed on April 16, 2013.

Accordingly,

Having considered each argument presented to the Court regarding this matter,

**IT IS HEREBY RECOMMENDED** to the Honorable Joseph F. Bataillon, United States District Judge, that Defendant Michael J. Welke's Motion to Dismiss Indictment (filing 28) be denied.

The parties are notified that failing to timely object to this Findings, Recommendation and Order as provided in the local rules of this Court may constitute a waiver of any objection.

**DATED September 9, 2013.**

                                               **BY THE COURT:**

                                               **S/ F.A. Gossett**
                                               **United States Magistrate Judge**